**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2226-21

SIMON COULL,

    Plaintiff-Appellant,

v.

EISNER AMPER and
HUBERT KLEIN,

    Defendants-Respondents.

_____

Argued November 6, 2023 – Decided December 4, 2023

Before Judges Marczyk and Chase.

On appeal from the Superior Court, Law Division, Hudson County, Docket No. L-3671-21.

Simon Coull, appellant, argued the cause pro se.

Charles William Mondora argued the cause for respondents (Landman Corsi Ballaine & Ford PC, attorneys; Charles William Mondora, on the brief).

PER CURIAM

Plaintiff Simon Coull appeals pro se from the trial court's December 17, 2021 order granting defendants EisnerAmper LLP ("EisnerAmper"), Hubert Klein ("Klein"), and Charles Weinstein's ("Weinstein") motion to dismiss. Plaintiff further appeals the court's February 18, 2022 order denying his motion for reconsideration. Based on our review of the record and the controlling legal principles, we affirm.

## I.

Plaintiff and his ex-wife entered into a marital settlement agreement ("MSA") in October 2011, requiring plaintiff to pay child and spousal support, and the court entered a judgment of divorce in January 2012. In 2014, plaintiff moved to reduce his child and spousal support obligations. Plaintiff's ex-wife retained defendants' accounting firm to serve as experts and to perform an income and cash-flow analysis in relation to plaintiff's motion. Klein generated reports addressing these issues.

Plaintiff retained his own accounting expert who prepared reports on his behalf. On December 22, 2015, plaintiff and his ex-wife entered into a consent order resolving plaintiff's 2014 motion.[1] The December 22, 2015 order was

---

[1] Plaintiff alleges in his statement of facts that "the day before the tr[ia]l [he] found out a senior partner for[] the defendant[s] had contacted [his] then[-]

drafted by plaintiff's then-attorney, Jamie K. Von Ellen,[2] and executed by both parties and their attorneys. The December 22, 2015 order specifically recognized that the parties were "unable to agree to [p]laintiff's income but were willing to agree to the support amounts" set forth in the order.

In April 2021, plaintiff filed a complaint against defendants EisnerAmper and Klein.[3] Plaintiff alleged accountant malpractice, fraud, breach of fiduciary duty, gross negligence, and other claims. Defendants moved to dismiss the complaint in July 2021 for improper service and failure to state a claim. The court heard oral argument and dismissed plaintiff's claims without prejudice for improper service and failure to state a claim.

In September 2021, plaintiff attempted to amend his complaint to cure the defects leading to the dismissal of his first complaint but instead filed a new

---

attorney asking her to settle the case before tr[ia]l and to get [him] to accept the offer . . . ." He further states he "refused and realized that something was going on behind the scenes he had not been [privy] to." He then alleges that when he refused to settle, his then-attorney threatened him by stating "listen I can do all sorts of bad things to you" and claims he recorded this conversation.

[2] Plaintiff's claims against his former attorney are the subject of a separate appeal. Coull v. Von Ellen, No. A-3858-21.

[3] Prior to filing the civil claim, plaintiff moved in October 2020, for "declaratory relief," seeking to join Klein and Von Ellen as defendants in the family matter. The family judge denied plaintiff's application.

complaint under a different docket number.  This time, in addition to defendants Klein and EisnerAmper, he sued Weinstein.  The new complaint alleged many of the same claims, including accountant "malpractice," the "New Jersey 2A:53A-25 accountant liability act," "privity," "fraud," "Restatement of [T]ort[s] 552," and "Fiduciary duty."

Defendants moved to dismiss plaintiff's second complaint in October 2021 based on the statute of limitations, improper service, and failure to state a claim.  Defendants argued the statute of limitations for malpractice claims is six years.  However, the claim was time-barred because plaintiff filed this new complaint under a new docket number on September 15, 2021, which was more than six years after Klein generated his last report on July 16, 2015.

Plaintiff opposed defendant's motion, arguing, with respect to the statute of limitations, that "[t]he date of accrual of loss is when the loss occurred which would be when the contract[4] came into effect which . . . is December 22[,] 2015."

Following oral argument, the court dismissed plaintiff's complaint with prejudice on December 17, 2021.  Regarding plaintiff's claim that there was

---

4  When plaintiff says "contract" he is referring to the December 22, 2015 consent order arising out of the family matter.

malpractice, the court stated, "[t]his is the same argument that this court has reviewed in the past motion and decided . . . it was the ex-wife . . . who sought the services and therefore the duty was owed to the ex-wife as opposed to the plaintiff here."  As to the statute of limitations, the court found plaintiff's claim time-barred because the clock starts "when the reports were generated . . . not when [plaintiff] entered into . . . the [consent] [a]greement with the ex-wife."  Additionally, the court addressed the question of whether defendants had litigation immunity.  The judge found there was immunity for defendants because "they made their reports in the course of litigation as part of the judicial proceedings. . . .  And that's because . . . this immunity privilege [has] a strong public policy to [allow] experts [to] speak freely and rightfully without fear of litigation."

In January 2022, plaintiff then moved for reconsideration and for leave to amend his complaint.  The court denied both motions on February 18, 2022.  The court concluded plaintiff:

> did not provide any new arguments nor has he provided any information that shows that this [c]ourt has erred in dismissing the complaint.  Rather, movant merely reemphasizes the arguments that he previously made. . . .  Further, the request to amend is denied on procedural as well as substantive reasons.  Procedurally, [plaintiff] failed to provide the [c]ourt with a proposed amended complaint, which is in

5

> violation of [Rule] 4:9-1.  Substantively, [plaintiff] does not demonstrate why the amendment should be granted given that this [c]ourt has determined . . . defendants did not owe a duty to plaintiff Coull.

This appeal followed.

## II.

We use a de novo standard to review the dismissal of a complaint for failure to state a claim.  Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman and Stahl, P.C., 237 N.J. 91, 108 (2019).  We apply the same standard under Rule 4:6-2(e) that governed the motion judge and look to "the legal sufficiency of the facts alleged on the face of the complaint."  Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989).  We are limited to reviewing "the pleadings themselves."  Roa v. Roa, 200 N.J. 555, 562 (2010).  "'At this preliminary stage of the litigation the [judge] is not concerned with the ability of plaintiffs to prove the allegation contained in the complaint,' and the plaintiff is 'entitled to every reasonable inference of fact.'"  Dimitrakopoulos, 237 N.J. at 107 (quoting Printing Mart, 116 N.J. at 746).  However, "if the complaint states no claim that supports relief, and discovery will not give rise to such a claim, the action should be dismissed."  Ibid.

"Motions for reconsideration are governed by Rule 4:49-2, which provides . . . the decision to grant or deny a motion for reconsideration rests within the

6

sound discretion of the trial court." <u>Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment</u>, 440 N.J. Super. 378, 382 (App. Div. 2015). "Reconsideration should be used only where '1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious . . . the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence.'" <u>Ibid.</u> (quoting <u>D'Atria v. D'Atria</u>, 242 N.J. Super. 392, 401 (Ch. Div. 1990)). Therefore, we will not disturb a trial court's decision on a motion for reconsideration unless there is a clear abuse of discretion. <u>Ibid.</u>

Plaintiff advances several arguments in support of his appeal: the statute of limitations is tolled under the extraordinary circumstance doctrine; defendants owed plaintiff a duty under the Accountants Liability Act, N.J.S.A. 2A:53A-25; defendants supplied reports with the knowledge that they were inaccurate contrary to Restatement of Torts § 552; fraud was pled with sufficient specificity in plaintiff's complaint under New Jersey's liberal pleading standards; and the trial court erred in dismissing the complaint based on litigation immunity.

We confine our discussion to the issue of litigation immunity as the court properly dismissed plaintiff's complaint pursuant to that doctrine. The thrust of plaintiff's argument regarding the litigation immunity issue is that his complaint

7

is based on Klein's preparation of a report "and not any testimony presented in court," and, therefore, the privilege is not applicable. We are unpersuaded by plaintiff's arguments.

"It is well-settled that a witness in a judicial or quasi-judicial proceeding enjoys an absolute immunity from civil suit for his words and actions relevant to the judicial proceedings." Durand Equip. Co., Inc. v. Superior Carbon Prods., Inc., 248 N.J. Super. 581, 583 (App. Div. 1991). "This absolute immunity is afforded even if 'the words are written or spoken maliciously, without any justification or excuse, and from personal ill will or anger against the party . . . .'" Id. at 583-84 (quoting DeVivo v. Ascher, 228 N.J. Super. 453, 457 (App. Div. 1988)).

Furthermore, the immunity "is not limited to what a person may say under oath while on the witness stand. It extends to statements or communications in connection with a judicial proceeding." Id. at 584 (quoting DeVivo, 228 N.J. Super. at 457). "The absolute immunity granted to witnesses is not designed to benefit the dishonest witness but to further the broad public interest in having witnesses who are unafraid to testify fully and openly." Id. at 585.

In Commercial Insurance Co. of Newark v. Steiger, 395 N.J. Super. 109 (App. Div. 2007), we concluded that an expert—who provided a report in

support of a claim for uninsured motorist (UM) benefits—was immune from liability pursuant to the absolute litigation privilege. The UM insurance company sued the expert for material misrepresentation regarding his report. Id. at 113-14. The expert opined a phantom vehicle was a contributing cause of the accident, and we determined that the report was "clearly pertinent and relevant to the litigation" and therefore was "immune from liability pursuant to the litigation privilege." Id. at 119.

The litigation privilege is implicated in this matter. Klein's report was clearly prepared for the purposes of the underlying litigation. The privilege "extends to statements or communications in connection with a judicial proceeding." Durand, 248 N.J. Super. at 584 (quoting DeVivo, 228 N.J. Super. at 457). Klein's report falls squarely within the privilege. Accordingly, the trial court properly dismissed plaintiff's complaint with prejudice.

To the extent we have not specifically addressed any of plaintiff's remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9